[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: INTERVENING PLAINTIFF'S OBJECTIONS TO REQUEST TO REVISE REPLY DATED AUGUST 3, 2001
Upon reviewing the submissions of counsel in support of and in opposition to intervening plaintiff White Oak Corporation's objections to defendant JLG Industries, Inc.'s request to revise reply dated August 3, 2001, the Court hereby ORDERS that such objections be OVERRULED for the following reasons:
1. In its Reply to Special Defenses dated July 18, 2001, intervening plaintiff White Oak denied each and every allegation of each special defense pleaded by defendant JLG to its Intervening Complaint. In addition, as to seven such special defenses, White Oak specially pleaded as follows:
 The special defense asserted by JLG is without probable cause, and asserted with malicious intent to unjustly vex and trouble the intervening plaintiff; in violation of § 56-568 of the General Statutes. Pursuant to § 56-226a of the General Statutes, the intervening plaintiff will seek, after return of verdict and before judgment has been rendered thereon, a special finding to be incorporated into the judgment that the special defense is without merit and was not brought or asserted in good faith.
2. On July 26, 2001, JLG filed a request to revise White Oak's special defenses, in which it asked that the above-quoted language be deleted from each special defense in which it was pleaded. As grounds for this Request, JLG stated that the challenged allegations were "impertinent, unnecessary, and immaterial" to White Oak's Reply. CT Page 13468-am
3. There is nothing impertinent about making the allegation that one's opponent has asserted a special defense without merit and not in good faith. To the contrary, the right to do so is specially granted by Section 52-226a, which provides as follows:
 In any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to section 52-568.
4. On the other hand, it is clear, for the following reasons, that such a claim is unnecessary in and immaterial to a reply to a special defense:
 a. First, a claim under Section 52-226a, if established, does not operate as a plea in avoidance, defeating or diminishing the legal effectiveness of a special defense without negating it as a matter of fact. Instead, it affords special relief to a party who has already defeated a baseless special defense. Inserting such a claim in a reply to a special defense adds nothing to a simple denial of all the allegations of the special defense.
 b. Second, Section 52-226a expressly contemplates that claims thereunder will be raised by post-verdict motion — hence, of course, at a time when the defense has already been rejected. The statute does not suggest, much less require, that pretrial notice of the claim must somehow be given, in an operative pleading or otherwise.
5. In light of the foregoing, the Court hereby ORDERS that the challenged notice of intent to make a post-verdict claim under Section52-226a be deleted from each of the seven special defenses in which White Oak has inserted it, without prejudice to White Oak's later right to seek relief under Section 52-226a at the time and in the manner specified therein. Counsel for White Oak shall file and serve opposing counsel with CT Page 13468-an its revised pleading on September 24, 2001.
IT IS SO ORDERED this 18th day of September, 2001.
Michael R. Sheldon Judge of the Superior Court